CARL CHRISTENSEN, Appellant, *v.* SURFACE TRANSPORTATION CORPORATION OF NEW YORK, Respondent.

First Department, March 2, 1954.

*Asbury S. Edmonds* of counsel (*Parnell J. T. Callahan,* attorney), for appellant.

*Edward D. Burns* of counsel (*Addison B. Scoville* with him on the brief; *Saxe, Bacon, O'Shea & Bryan,* attorneys), for respondent.

BERGAN, J. Plaintiff's proof on the trial tended to show that he was a passenger on a bus of the defendant, a common carrier; that the bus was being driven on City Island Bridge at a speed of from thirty to forty miles an hour; that the pavement was wet; that the rate of speed permitted by city ordinance at that place was twenty miles an hour; that warning signs to slow down to twenty miles an hour were maintained at the

approaches to the bridge, and that a collision occurred between the bus and another vehicle moving in the opposite direction. Plaintiff was injured.

Upon showing these things plaintiff rested and the court at Trial Term dismissed the complaint on the ground that there was no evidence of negligence in the record. We are of opinion the plaintiff showed a case prima facie. Where the violation of a speed ordinance may reasonably be integrated in time and circumstance with the occurrence of an accident, and where the violation may be found to have continued to the point where it could be weighed into the occurrence, the evaluation of its relation and significance will usually be left to the jury. This would be especially so where some other factor, such as a wet or slippery condition of the pavement, might be regarded by reasonable men as adding a factor of causation to velocity.

There is, however, in this case, an additional ground to avoid the nonsuit. Plaintiff's allegation that he was a passenger for hire in defendant's bus is admitted in the answer. When a passenger entrusts himself to a common carrier for transportation and is injured in transit he is helped over the difficulties of proving negligence by a rule of evidence followed quite consistently in the New York cases.

Even in a case where there is no proof of facts pointing to culpability, " such as excessive speed, lack of proper control of the car and the like " which " tend in themselves to establish plaintiff's case " the passenger makes out a prima facie case against the carrier by showing the accident, his injury and the mere general " neutral circumstances " of control and management by the defendant.

This distinction was drawn with particular care and precision by POUND, J., in *Plumb* v. *Richmond Light & R. R. Co.* (233 N. Y. 285, 288). A passenger, on such a showing, brings himself within the evidentiary rule which calls for some explanation from the carrier but does not " shift the burden " on the whole case. " ' * * * this is ' '', as Judge POUND noted, " ' a *res ipsa* case ' '' (p. 288). The decision in *Grimshaw* v. *Lake Shore & Michigan So. Ry. Co.* (205 N. Y. 371) might be compared.

The rule found its development in the cases of trains and trolleys running on tracks in which the carrier might be thought to have control of events more fully in his hands than the carrier who operates a bus on a highway and hence more readily be expected to explain an accident.

But the requirement to explain was applied in full vigor against the carrier whose passenger was hurt when a horsecar

and cable car collided at a point where the lines crossed at right angles in *Loudoun* v. *Eighth Ave. R. R. Co.* (162 N. Y. 380). The case is quite similar in applicable principle, it seems to us, to a bus colliding with another vehicle on a street.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

PECK, P. J., CALLAHAN, BASTOW and BOTEIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.