■ GEORGE RUNDQUIST, Appellant, v. SAMUEL S. LEIBOWITZ et al., Respondents.— Appeal from an order denying a motion for an injunction *pendente lite* in a taxpayer's action, *inter alia,* to enjoin the respondents from investigating certain matters relating to public welfare assistance. Order affirmed, without costs. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ STEPHEN M. VENER, an Infant, by His Guardian ad Litem, MATHEW VENER, et al., Respondents, v. CASS MUSLER et al., Appellants.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order granting a motion (1) for summary judgment striking out the answer and directing an assessment of damages, and (2) directing appellants to furnish copies of all medical reports pertaining to the physical examination of the injured respondents conducted by the appellants' physician. Respondents Stephen M. Vener and Charles Dart, passengers in a motor vehicle, were injured when it skidded on a turn in a highway and collided with a tree because of alleged negligent operation of the vehicle. Order modified by striking therefrom the second and third ordering paragraphs, and by striking from the first ordering paragraph everything following the word "hereby" and by substituting therefor the words "denied, and it is further". As so modified, order unanimously affirmed, without costs. The skid of the car does not warrant application of the doctrine of *res ipsa loquitur* (*Lahr* v. *Tirrill,* 274 N. Y. 112; *Galbraith* v. *Busch,* 267 N. Y. 230). It is for the trier of the facts to determine whether (1) the car was proceeding at an excessive rate of speed, and (2) assuming such excessive speed, it combined with other factors to constitute actionable negligence (*Christensen* v. *Surface Transp. Corp. of N. Y.,* 283 App. Div. 349; *Hawley* v. *Corroon,* 261 App. Div. 904, affd. 286 N. Y. 581; *Mantione* v. *Picone,* 273 App. Div. 1049). In the light of the events which took place immediately prior to the accident, as set forth in this record, it well may be that an issue of contributory negligence will be presented at a trial. The direction to submit copies of the medical reports was proper (*Baum* v. *Nussenbaum,* 7 A D 2d 991). Present — Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

## THIRD DEPARTMENT, JANUARY, 1960

### (January 6, 1960)

■ GOLD MEDAL FARMS, INC., Respondent, v. RUTLAND COUNTY CO-OPERATIVE CREAMERY, INC., et al., Appellants.— The decision of this court, handed down December 31, 1959 (9 A D 2d 473, 480), is hereby amended, by changing the figure in the last line of the first paragraph thereof from "$1,487.70" to $2,295. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.