■ HOWARD KOSACK, Respondent, v. HYMAN SCHIFF, Appellant, and ROBERT WATFORD, Respondent.— In a negligence action by plaintiff to recover damages for personal injuries sustained when a motor vehicle, owned and operated by defendant Schiff, and going in one direction, crossed a concrete divider and collided with plaintiff's car going in the opposite direction, defendant Schiff appeals from so much of an order of the Supreme Court, Queens County, dated July 19, 1960, as grants plaintiff's motion, under rule 113 of the Rules of Civil Practice, for summary judgment against said defendant, severs the action against the codefendant Watford, and directs an assessment of damages against said defendant Schiff. Order, insofar as appealed from, reversed, without costs, and motion for summary judgment denied. It was not denied that defendant Schiff's car jumped over a divider, separating opposite traffic lanes, and came into contact with plaintiff's car, in plaintiff's lane. In addition, it was established that said defendant, immediately prior to the accident, was exceeding the speed limit. However, " proof merely of the sudden swerving

of an automobile from the highway is not prima facie evidence of negligence" (*Gerard* v. *Inglese*, 11 A D 2d 381, 383). And whether speeding is a proximate cause of an accident is a jury question (*Christensen* v. *Surface Transp. Corp. of N. Y.*, 283 App. Div. 349). Ughetta, Kleinfeld and Brennan, JJ., concur; Beldock, Acting P. J., and Christ, J., dissent and vote to affirm, with the following memorandum: The uncontradicted proof in this case is that defendant Schiff was proceeding easterly, down an incline, approaching a curve, at a speed of 35 miles an hour, in violation of signs notifying motorists that the speed limit in this dangerous area is 20 miles an hour and cautioning them to proceed slowly. Defendant Schiff did not apply his brakes and, with his car out of control, crossed the concrete divider separating eastbound from westbound traffic, and crashed into plaintiff's car proceeding westerly. In our opinion, on these facts summary judgment was properly granted in favor of plaintiff against defendant Schiff.