■ JOSEPH MANZI et al., Appellants, v. GRAND AVE. CAB CO. et al., Respondents.— In a personal injury action, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated June 28, 1972, which denied their motion, pursuant to CPLR 4404, (1) to set aside the trial court's dismissal of the complaint at the end of plaintiffs' case upon a jury trial and (2) for a new trial. Order reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. Plaintiffs' proof on the trial established that plaintiff Joseph Manzi was a passenger in defendant Grand Avenue Cab. Co.'s taxicab when

he was suddenly thrown forward to the floor of the taxicab, that he was thereby caused severe pain and was caused to bleed, that upon hoisting himself up he saw the front end of another automobile in close proximity to the front of the taxicab, that he was thereafter bandaged about the head and eyes so that he could no longer see anything and that he was taken to a hospital for treatment. He did not see how the accident happened and could not explain how he received his injuries. In their complaint, plaintiffs charged that the two vehicles were involved in a head-on collision which caused Manzi's injuries. A policeman who arrived at the scene of the alleged accident some minutes after its occurrence was permitted to testify only to the weather conditions and the state of the two vehicles upon his arrival, i.e., that the night was cold and clear, that it had snowed, but that the road was cleared, and that the fronts of both vehicles were battered. He was prohibited from testifying as to the positions of the vehicles upon his arrival. No attempt was made by plaintiffs to introduce into evidence either of the accident reports of defendants. We think that a duty arose on the part of the defendant owner of the taxicab to explain how its innocent passenger had been injured while riding in the taxicab (*Christensen* v. *Surface Transp. Corp. of N. Y.*, 283 App. Div. 349; *Pfaffenbach* v. *White Plains Express Co.*, 17 N Y 2d 132; *Carter* v. *Castle Elec. Contr. Co.*, 26 A D 2d 83; *Czekala* v. *Meehan*, 27 A D 2d 565, affd. 20 N Y 2d 686). The answer of defendants Alexander, the owner and the driver of the other vehicle, did not deny plaintiffs' allegation that their automobile had been involved in a head-on collision with the taxicab. Thus, that fact is deemed admitted by the Alexanders. This, we think, is sufficient to require these defendants, as well, to offer some explanation of the occurrence (*Pfaffenbach, Carter and Czekala, supra*). Munder, Acting P. J., Latham, Gulotta, Christ and Benjamin, JJ., concur.