■ TAMRA GOULD, on Behalf of Herself and All Other Persons Similarly Situated, Appellant, v J. HENRY SCHRODER BANK & TRUST COMPANY et al., Respondents. — In an action (1) to recover damages for breach of fiduciary duty by the defendant bank as indenture trustee and (2) for a judgment declaring a certain bond issue of the defendant corporation due and payable, plaintiff, a bondholder, appeals from an order of the Supreme Court, Westchester County, entered July 8, 1980, which (1) granted defendants' motions to dismiss the complaint and (2) denied plaintiff's application for leave to serve an amended *complaint. Order modified, on the law, by adding thereto, immediately after the provision denying plaintiff's application, the following: "except that plaintiff is granted leave to serve an amended complaint as to the first cause of action." As so modified, order affirmed, without costs or disbursements. Plaintiff's time to serve the amended complaint is extended until 20 days after service upon her of a copy of the order to be made hereon, together with notice of entry thereof. Special Term correctly found that the complaint insufficiently specified the circumstances constituting a breach of trust by the defendant bank (see CPLR 3016, subd [b]). Insofar as the complaint sought judgment declaring the debt due and payable, plaintiff failed to meet the defendant corporation's documentary defense that acceleration of the debt upon occurrence of an event of default described in the indenture agreement was within the trustee's discretion rather than automatic. Further, declaratory relief is not available to a creditor seeking only to establish the debtor's insolvent status for the avowed purpose of filing a bankruptcy petition against the debtor; such a determination is within the exclusive jurisdiction of the Federal courts (see US Code, tit 11, § 303, subd [h], par [1]; US Code, tit 28, § 1471, subd [a]). Special Term erred, however, in denying leave to serve an amended complaint as to the first cause of action on the ground that plaintiff failed to meet certain conditions precedent to suit in the "no action" provisions of the indenture agreement. Such provisions are no bar to bondholders' derivative actions arising out of the alleged breach of

fiduciary duty by the indenture trustee (see *Campbell v Hudson & Manhattan R. R. Co.,* 277 App Div 731, affd 302 NY 902). Therefore, we have modified the order to grant plaintiff leave to replead her first cause of action with the requisite specificity. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.