■ BARNEY O'HARA, Respondent, v CORPORATE AUDIT COMPANY, INC., Defendant, and ROBERT PFEFFER et al., Appellants. —Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered November 1, 1989, which, *inter alia,* granted plaintiff's motion for a preliminary injunction removing defendant Pfeffer as president, manager and director of defendant Corporate Audit, unanimously reversed to the extent appealed from, on the law and on the facts, with costs and disbursements, and the motion denied.

In this stockholder's derivative action, plaintiff, a 50% shareholder, alleges waste, mismanagement and self-dealing on the part of Pfeffer, also a 50% shareholder, who, since the corporation's formation 10 years ago, has been its president and sole operating officer, and ran its day-to-day operations. Plaintiff admittedly has not devoted one day of effort to the corporation's business—obtaining rebates for its clients who advertised in magazines that failed to achieve their published circulation, upon which the advertising rate was based—during the 10 years of its existence. With plaintiff's knowledge and consent, Pfeffer was paid a salary and received rent for the corporation's use of premises leased or owned by him or his wholly owned corporation, Matthew Stewart, Inc. At no time did plaintiff voice any complaints about the rental or compensation arrangements until shortly before the commencement of this suit, when Pfeffer canceled all corporate credit cards, including his and plaintiff's. This decision, which allegedly infuriated plaintiff, was, according to Pfeffer, necessitated by plaintiff's abusive use of the credit cards. Shortly thereafter, plaintiff commenced this action in 1987. No injunctive relief was sought at that time. After two years of litigation and after the case had lain dormant for seven months,

plaintiff, without any stated emergency or showing of irreparable harm, moved for, *inter alia,* the removal, pendente lite, of Pfeffer as an officer and director of the corporation. Prior to the court's decision on the motion, the parties stipulated that the corporation would continue to pay rent to Matthew Stewart, Inc. and weekly compensation to Pfeffer. The IAS court, while conceding that "[o]nly a trial can determine which, if any, of the charges against Pfeffer are valid", nonetheless removed Pfeffer, pendente lite, from his various positions. The only stated basis for the ruling was a "suspicion" that Pfeffer favored Matthew Stewart, Inc., to the detriment of Corporate Audit. We reverse.

A preliminary injunction should not be granted unless the right thereto is plain from the undisputed facts and there is a clear showing of necessity and justification. *(Rundquist v Leibowitz,* 22 Misc 2d 117, 119-120, *affd* 10 AD2d 584; *see, Hartford v Resorts Intl.,* 43 AD2d 828.) Plaintiff failed completely to make the requisite showing. As the motion court itself recognized, the conflicting affidavits presented sharp issues of fact, which, standing alone, was sufficient reason to deny the relief sought *(see, e.g., Pizer v Trade Union Serv.,* 276 App Div 1071). Further, since on this record, the court could not find that plaintiff was being irreparably injured, it was an abuse of discretion to grant the preliminary injunction, which upsets, rather than maintains, the status quo of the past 10 years. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.