■ SAU THI MA, Also Known as "JULIE", Also Known as "JUDY", Appellant, v XUAN T. LIEN, Also Known as "UNCLE", et al., Respondents. [604 NYS2d 84] —Order of the Supreme Court, New York County (Joan B. Lobis, J.), entered January 29, 1993, which denied plaintiff's motion for a preliminary injunction escrowing the payments of a winning $8 million lottery ticket, is unanimously reversed, on the law, facts and in the exercise of discretion and the motion granted, without costs or disbursements.

Contrary to the finding of the IAS Court, plaintiff has shown irreparable injury absent the relief sought. Defendant Xuan Lien has indicated his intention to share his winnings with his family, and the first installment has already been paid to him. Thus, if the requested relief is not granted, a substantial amount of money may be dissipated or otherwise unavailable for recovery (see, *Pando v Fernandez*, 124 AD2d 495).

Likewise, the IAS Court erred when it found that the equities do not favor either side because no wrongdoing had been established. While the existence of some wrongdoing may impel a result for one side, the "balancing of the equities"

usually simply requires the court to look to the relative prejudice to each party accruing from a grant or a denial of the requested relief. Here, as noted, the plaintiff would suffer irreparable injury absent the relief sought. On the other hand, we can perceive no great harm to defendants if the monies disbursed by the State are kept in escrow by their counsel pending resolution of the matter.

Finally, the IAS Court found that injunctive relief requires more than a "plausible" showing that the plaintiff will prevail. It cited our recent case of *O'Hara v Corporate Audit Co.* (161 AD2d 309, 310) for the proposition that a "preliminary injunction should not be granted unless the right thereto is plain from the undisputed facts". However, in *O'Hara,* we found it an abuse of discretion to grant an injunction "which upsets, rather than maintains, the status quo of the past 10 years" *(supra,* at 310). Here, plaintiff seeks to maintain the status quo with the injunctive relief. Moreover, depending on the circumstances, even when facts are in dispute, the nisi prius court can find that a plaintiff has a likelihood of success on the merits, from the evidence presented, though such evidence may not be "conclusive" *(Demartini v Chatham Green,* 169 AD2d 689, 690). As we have previously noted: "Where denial of injunctive relief would render the final judgment ineffectual, the degree of proof required to establish the element of likelihood of success on the merits should be accordingly reduced" *(Republic of Lebanon v Sotheby's,* 167 AD2d 142, 145).

Plaintiff's evidence presented included the uncontested fact that the source of both six number sequences contained on the winning ticket as well as a third sequence on a second prize ticket was plaintiff's deceased mother's medicaid card. In addition, the lottery ticket agent corroborated plaintiff's testimony regarding her purchase of the winning tickets. Thus, although a question of fact remains, plaintiff demonstrated a sufficient likelihood of success on the merits, under the circumstances herein. This showing warrants the injunctive relief sought, maintaining the status quo, until the final determination of the issues. Concur—Rosenberger, J. P., Ellerin, Ross and Asch, JJ.