■ CREDIT AGRICOLE INDOSUEZ et al., Respondents, v ROSSIYSKIY KREDIT BANK et al., Appellants. [697 NYS2d 273] —Order, Supreme Court, New York County (Charles Ramos, J.), entered May 20, 1999, which, insofar as appealed from, granted plaintiff bondholders' motion for an order of attachment against defendant issuer and guarantor of the bonds, a preliminary injunction prohibiting defendants from, among other things, transferring or encumbering any of their assets, and expedited discovery, and denied defendants' cross motion to dismiss plaintiffs' cause of action for breach of fiduciary duty, unanimously affirmed, with costs.

The attachment was properly granted on the ground that defendants are foreign corporations not qualified to do business in New York (CPLR 6201 [1]), and the preliminary injunction was properly granted upon an adequate showing that defendants are dissipating their assets (*see, Sau Thi Ma v Xaun T. Lien*, 198 AD2d 186, *lv dismissed* 83 NY2d 847). Such preliminary injunctive relief is specifically contemplated by CPLR 6301, and therefore not precluded by the recent United States Supreme Court decision in *Grupo Mexicano de Desarrollo v Alliance Bond Fund* (527 US 308, 119 S Ct 1961). The motion to dismiss the breach of fiduciary duty claim was properly denied with leave to renew upon further development of the record, in view of the admitted insolvency of defendant issuer (*see, Geren v Quantum Chem. Corp.*, 1995 US App LEXIS 39912, 1995 WL 737512 [2d Cir, Dec. 13, 1995]), and defendant guarantor's management of the issuer's restructuring much like a debenture trustee (*see, Gould v Schroder Bank & Trust Co.*, 78 AD2d 870). We make no ruling on the application of Russian law to such cause of action. Plaintiffs' order to show cause plainly sought document production, and defendants' claim that disclosure relief was improperly granted is otherwise without merit. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.