Suttongate Holdings Ltd. v Laconm Mgt. N.V. (2018 NY Slip Op 01654)





Suttongate Holdings Ltd. v Laconm Mgt. N.V.


2018 NY Slip Op 01654


Decided on March 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5470N 652393/15

[*1] Suttongate Holdings Limited, Plaintiff-Respondent,
v
Laconm Management N.., et al., Defendants-Appellants.


Gallagher Law Offices, PLLC, New York (John C. Gallagher of counsel), for Laconmmanagement N.V., Kashmire Investments, Ltd., Immo Kashmire Development Inc., Sedna Group Ltd., Kuiper Group Ltd., and Ourista N.V., appellant.
Franzino & Scher, LLC, New York (Frank J. Franzino, Jr. of counsel), for Samir Andrawos, appellant.
Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York (David D. Holahan of counsel), for Virginia Iglesias, appellant.
Olshan Frome Wolosky LLP, New York (Thomas J. Fleming of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about April 27, 2017, which granted plaintiff's motion for a preliminary injunction, inter alia, requiring defendants to take all actions that are necessary to establish and register a mortgage in plaintiff's name on certain designated properties located in St. Maarten, and ordered that a prior undertaking shall apply, unanimously modified, on the law, to the extent of ordering plaintiff to post an additional undertaking in the amount of $50,000, and otherwise affirmed, without costs.
It is undisputed that defendants have failed to deliver mortgages on 18 of the 23 properties that are the subject of a 2014 transaction entered into with plaintiff (see generally Ficus Invs., Inc. v Private Capital Mgt., LLC, 61 AD3d 1, 11-12 [1st Dept 2009]). Contrary to defendants' contention, the individual and corporate defendants who executed the March 7, 2014 purchase agreement and the July 15, 2014 loan agreement are the sole necessary parties to this action. The alleged irreparable harm to plaintiff absent an injunction is not speculative, given that defendants have already failed to deliver the mortgages, which were "a unique, bargained-for contractual remedy" (see Oracle Real Estate Holdings I LLC v Adrian Holdings Co. I, LLC, 582 F Supp 2d 616, 625 [SD NY 2008]). For this reason, the "balancing of the equities," which requires the court "to look to the relative prejudice to each party accruing from a grant or a denial of the requested relief" (Sau Thi Ma v Xuan T. Lien, 198 AD2d 186, 186-187 [1st Dept 1993], lv dismissed 83 NY2d 847 [1994]), favors plaintiff. Defendants complain that they have no assets to pay off existing mortgages in order to deliver these mortgages to plaintiff. However, these are contractually bargained-for rights guaranteed by both the individual and the corporate defendants.
The motion court should, however, have ordered plaintiff to post an additional undertaking, rather than applying the undertaking posted in connection with the prior preliminary injunction order. CPLR 6312(b) requires that "prior to the granting of a preliminary injunction, the plaintiff shall give an undertaking in an amount to be fixed by the court." Moreover, the undertaking must be "rationally related to defendants' potential damages should the preliminary injunction later prove to have been unwarranted" (Peyton v PWV Acquisition LLC, 101 AD3d [*2]446, 447 [1st Dept 2012]). According to defendants' own affidavit, the cost of obtaining mortgages on the 18 properties would be $31,000. Thus, an additional undertaking in the amount of $50,000 is appropriate.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 15, 2018
CLERK