**GKER Ltd. v Clarkson BU LLC**

2024 NY Slip Op 31067(U)

March 27, 2024

Supreme Court, New York County

Docket Number: Index No. 653955/2023

Judge: Suzanne J. Adams

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. SUZANNE J. ADAMS
                                                            *Justice*

---------------------------------------------------------------X

GKER LTD., ON BEHALF OF ITSELF AND DERIVATIVELY
ON BEHALF OF CLARKSON BU LLC,

                                       Plaintiff,

- v -

CLARKSON BU LLC,75-77 CLARKSON AVENUE
INVESTORS, LLC,ERAN REISFELD, RAN ORON,
CLARKSON 1, LLC,HANNAN SALTZMAN, GILI
HABERBERG, BENJAMIN HABERBERG, BARUCH
BEZNER, NIR MESTERMAN, RAN MESTERMAN, OFFICE
LINE LTD., HEZI ASPIS

                                       Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| PART | 39M |
| INDEX NO. | 653955/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 24, 28, 29, 30, 33, 34, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 63, 64, 65, 66, 67, 68, 69, 80, 81

were read on this motion to/for          PREL INJUNCTION/TEMP REST ORDR          .

Upon the foregoing documents, and oral argument before the court on November 29, 2023, it is ordered that plaintiff's motion is granted. This matter arises out of the construction, operation, and management of a condominium residential development located at 77 Clarkson Avenue, Brooklyn, New York. In April 2017, plaintiff GKER Ltd. ("GKER") assumed the holding of approximately 32% of the membership units in defendant 75-77 Clarkson Avenue Investors, LLC ("75-77 Clarkson"), for which $1,842,514.00 was invested. 75-77 Clarkson is a holding entity whose purpose was to invest in defendant Clarkson BU LLC ("Clarkson BU"), the entity with title to the aforementioned residential development property. In July 202, 75-77 Clarkson was dissolved and GKER's membership interest therein was deemed to be a membership interest in Clarkson BU. Plaintiff commenced this action in August 2023, alleging that defendants have

653955/2023  GKER LTD., ON BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF OF
CLARKSON BU LLC vs. CLARKSON BU LLC ET AL
Motion No. 001

Page 1 of 4

[* 1]

misappropriated GKER's investments and engaged in fraud in acquiring and repaying certain loans, all to plaintiff's detriment. Plaintiff now moves by order to show cause for an order of attachment and certain preliminary injunctive relief. Defendants Clarkson BU, Eran Reisfeld, Ran Oron, Gili Haberberg, and Benjamin Haberberg oppose the motion.

Entitlement to a preliminary injunction under CPLR § 6301 is established by a showing of: "(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor." *Doe v. Axelrod*, 73 N.Y.2d 748, 750 (1988). The purpose of a preliminary injunction is to maintain the *status quo* pending a trial. *See Terrell v. Terrell*, 279 A.D.2d 301, 304 (1st Dep't 2001); *Sau Thi Ma v. Xuan T. Lien*, 198 A.D.2d 186, 187 (1st Dep't 1993). Further, an order of attachment pursuant to CPLR § 6201 may be granted "where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when: 1. the defendant is a nondomiciliary residing without the state . . .; or 3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed if from the state or is about to do any of these acts . . .."

The record before this court contains ample evidence that justifies the issuance of both injunctive relief and an order of attachment in favor of plaintiff at this juncture of the litigation. There is a likelihood of plaintiff's success on the merits of its claims, as there appears to be no adequate explanation to date for the lack of proper documentation of the nature of the cash flow in and out of the subject property development. The prospect of irreparable injury to plaintiff is apparent, since, for example, any improper borrowing against the property in question may result in a foreclosure and subsequent loss of the asset property. The balance of the equities lies with

653955/2023  GKER LTD., ON BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF OF
CLARKSON BU LLC vs. CLARKSON BU LLC ET AL
Motion No. 001

Page 2 of 4

2 of 4

plaintiff for the same reason. In addition, the facts of this matter support the issuance of an order of attachment, where: plaintiff has demanded, *inter alia*, a money judgment; at least one defendant is located outside New York State; and the possibility exists that said defendant or defendants may remove monies from the State in frustration of enforcement by plaintiff of a prospective judgment.

Accordingly, it is hereby

ORDERED that plaintiff's motion is granted; and it is further

ORDERED that plaintiff's motion for an order of attachment is granted and the amount to be secured by this order of attachment, inclusive of probable interest, costs and Sheriff's fees and expenses, shall be $1,847,514.00; and it is further

ORDERED that plaintiff's undertaking is fixed in the sum of $10,000.00, conditioned that the plaintiff shall pay to the defendant an amount not exceeding $1,000.00 for legal costs and damages which may be sustained by reason of the attachment, and up to and not exceeding $1,000.00 to the Sheriff for allowable fees, if defendants recover judgment or if it is decided that plaintiff is not entitled to an attachment of the property described hereinbelow; and it is further

ORDERED that the Sheriff of the City of New York, or the Sheriff of any County of the State of New York, shall levy within his jurisdiction, at any time before final judgment, upon such real property in which defendants have an interest and upon such debts owing to defendants as will satisfy $1,842,514.00, together with probable interest, costs, and the Sheriff's fees and expenses, specifically the following real property: 75-77 Clarkson Avenue, Brooklyn, New York 11226 (the "Property"), and that the Sheriff proceed herein in the manner and make his return within the time prescribed by law; and it is further

ORDERED that all defendants, including without limitation, Clarkson BU LLC, and their agents and all those acting in concert with defendants or on defendants' behalf, are enjoined and

653955/2023  GKER LTD., ON BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF OF
CLARKSON BU LLC vs. CLARKSON BU LLC ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

restrained from dissipating, paying, or transferring any monies in their possession, or any monies that may come into their possession, in connection with the sale of condominiums located at the Property; and it is further

ORDERED that Clarkson BU LLC, the Property owner, is enjoined and restrained from releasing any monies, funds, loan repayments and/or any disbursements to any of the defendants, or anyone else on their behalf; and it is further

ORDERED that Clarkson BU LLC, and those managing it, including several defendants, are enjoined and restrained from using any monies or funds of Clarkson BU LLC, or those monies attributable to the Property, for any purpose other than for management and expenses of the Property (e.g., taxes, utilities, and/or mortgage); and it is further

ORDERED that plaintiff's previous undertaking of $5,000.00 pursuant to this court's order of October 18, 2023, shall remain in effect.

This constitutes the decision and order of the court.

| 3/27/2024 | | | | | SUZANNE J. ADAMS, J.S.C. | |
|-----------|---|---|---|---|--------------------------|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**653955/2023  GKER LTD., ON BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF OF CLARKSON BU LLC vs. CLARKSON BU LLC ET AL Motion No. 001**

**Page 4 of 4**

4 of 4