**In re Howard V. ELLINWOOD, Debtor.**

**Bankruptcy No. 96–23849.**

United States Bankruptcy Court,
W.D. New York.

March 5, 1997.

Marie C. D'Amico, Rochester, NY, for County of Monroe.

Howard V. Ellinwood, Spencerport, NY, Pro Se Debtor.

George M. Reiber, Rochester, NY, Chapter 13 Trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

## BACKGROUND

On December 18, 1996, Howard V. Ellinwood (the "Debtor"), proceeding pro se, filed a petition initiating a Chapter 13 case (the "1996 Case"). The Debtor filed only a voluntary petition. He failed to file a list of creditors, schedules, a statement of affairs or a Chapter 13 plan.

The Court's records indicate that the Debtor has filed three previous Chapter 13 cases which had been dismissed before a plan was completed.

A Chapter 13 case filed by the Debtor in 1987 was dismissed on February 28, 1990 after the Chapter 13 Trustee made a motion to dismiss because the Debtor had failed to make the required plan payments under a confirmed Plan.

A Chapter 13 case filed by the Debtor in 1993 was converted to a Chapter 7 case before a Chapter 13 plan was confirmed, and then the Chapter 7 case was dismissed on November 22, 1993.

A Chapter 13 case filed on September 28, 1995 by the Debtor, proceeding pro se, was dismissed on November 8, 1995 after the Chapter 13 Trustee made a motion to dismiss because the Debtor had failed to file a plan.

On January 3, 1997, the Court, on its own motion (the "Court Motion to Dismiss"), directed the Debtor to show cause why the 1996 Case should not be dismissed for his failure to file a list of creditors and an official matrix. At the February 5, 1997 return date, the Court Motion to Dismiss was adjourned to February 10, 1997, the return date of a motion to dismiss filed on January 30, 1997 by the Chapter 13 Trustee (the "Trustee Motion to Dismiss") because the Debtor had failed to file a feasible plan. The Trustee Motion to Dismiss requested that because of the Debtor's history of abusive filings to stop real estate tax foreclosures, the Court enter a dismissal order which would incorporate the additional provisions that it had included for a mortgage holder in *In re Harris,* 192 B.R. 334 (Bankr.W.D.N.Y. 1996).

On February 7, 1997, the County of Monroe (the "County") filed the Declaration of a Deputy County Attorney (the "Declaration") in support of the Trustee Motion to Dismiss. The Declaration alleged that: (1) the Debtor owed in excess of $60,000 in delinquent real estate taxes for property which he owned at 5200 Ridge Road West, Spencerport, New York ("Ridge Road"); (2) this delinquent amount represented unpaid real estate taxes for each of the twelve tax years 1984—1995; (3) upon information and belief, the last two bankruptcy filings by the Debtor were for the specific purpose of obtaining a stay of the real estate tax foreclosure sales of Ridge Road being conducted by the County (the 1996 Case was filed on December 18, 1996, one day before the County's scheduled tax foreclosure sale on December 19, 1996; the Debtor's 1995 case was filed on September 28, 1995 before the County's foreclosure sale scheduled for December 28, 1995); and (4) Ridge Road had also been removed from tax foreclosure sales in 1991, 1993 and 1994 because of payment agreements which the Debtor made with the County but never performed.[1]

---

1. Unlike mortgage foreclosure sales which under New York law can take place any time after a proper notice or renotice has been given, the

County conducts real estate tax foreclosure sales only once each year. Therefore, a bad faith filing to stop such a tax foreclosure sale is more

## DISCUSSION

Abusive serial filings which are designed to frustrate the completion of real estate tax foreclosure proceedings, although not as prevalent as abusive serial filings designed to frustrate the completion of mortgage foreclosure proceedings, are nevertheless a serious problem, both nationally and in this District.

■ For the reasons set forth in *In re Harris*, this Court believes that where a prior tax foreclosure sale has been frustrated by a bad faith filing, it has the power, by reason of Section 105(a) [2] and Section 362(d), which provides that in an appropriate case the Court can annul the automatic stay provided by Section 362(a), to provide as additional relief in an order of dismissal the authorization to a real estate taxing authority to continue a future real estate tax foreclosure sale, notwithstanding the filing of a new petition and the provisions of Section 362(a), as long as such sale is subject to a timely hearing before the Bankruptcy Court to retroactively annul the stay and confirm the tax foreclosure sale.

■ If at the hearing to confirm the sale the Court finds that the pending petition was filed in bad faith and relief is warranted under Section 362(d), the Court can exercise its discretion to annul the 362(a) automatic stay retroactively and confirm the real estate tax foreclosure sale.[3] If, on the other hand, the debtor has filed a petition under Chapter 11, 12 or 13, and the evidence produced at the hearing to confirm the tax foreclosure sale indicates that the petition was not filed in bad faith and because of changed circumstances the debtor has a reasonable prospect of reorganizing, the Court can deny confirmation of the real estate tax foreclosure sale and declare it to be void.

■ In its Decision & Order in *In re Burton*, 195 B.R. 588 (Bankr.W.D.N.Y.1996), the Court indicated that in an appropriate case where: (1) there was a history of abusive serial filings; (2) no order had been entered in a prior case granting Harris relief[4]; and (3) the facts and circumstances before the Court indicated that the filing of a current case might also be in bad faith and an abuse of the Bankruptcy Code and the Bankruptcy System, it would entertain emergency telephonic Section 362(f)[5] hearings if there was a scheduled mortgage foreclosure sale and there was potential irreparable harm to the mortgage holder if the scheduled sale did not continue. In an appropriate case, the Court will also entertain emergency telephonic Section 362(f) hearings in connection with scheduled real estate tax foreclosure sales should a real estate taxing authority feel that it can demonstrate that such a telephonic hearing and relief is necessary to

abusive than one to stop a mortgage foreclosure sale.

2. Section 105(a) provides that:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

3. Several circuits have fashioned relief of this nature, allowing bankruptcy courts to grant *nunc pro tunc* relief from the automatic stay to validate actions taken during a stay. For a concise summary of decisions in the Third, Fifth, Sixth, Ninth and Eleventh Circuits which have addressed this issue, *see Khozai v. Resolution Trust Corp.*, 177 B.R. 524 (E.D.Va.1995).

4. Perhaps because it only conducts real estate tax foreclosure proceedings one each year, the County has seldom filed a motion for relief from the automatic stay when it appears that there has been a bad faith filing but a debtor's case will otherwise be dismissed. With the availability of the Harris relief in an appropriate case, taxing authorities would be well-advised to move for relief from the automatic stay or at least join in a motion to dismiss filed by another interested party. At that time, as was done in this case, it could cross-move and request Harris relief.

5. Section 362(f) provides:

Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

prevent irreparable damage or an abuse of the Bankruptcy System.[6]

## CONCLUSION

The current Chapter 13 case filed by the Debtor is dismissed.

█ Should the Debtor, or any entity to which the Debtor conveys an interest in Ridge Road, file a bankruptcy petition before all real estate taxes due for Ridge Road are paid in full, the County of Monroe is authorized to continue any scheduled real estate tax foreclosure proceeding concerning Ridge Road without being in wilful violation of the automatic stay provided by Section 362(a) upon the filing of any such petition, provided that within ten (10) days from the sale, a hearing, on notice to the U.S. Trustee, any trustee, the debtor and the debtor's attorney, if any, in that subsequently filed case, is held in the Bankruptcy Court for retroactive relief from the stay and for confirmation of the real estate tax foreclosure sale.

The Court shall retain jurisdiction of this case to receive and pass upon the final report of the Trustee and to make such further orders with respect to fees as may be necessary and proper. The Trustee shall take all steps necessary to close this case. All creditors of this proceeding are hereby notified of the dismissal of said petition, and the Trustee shall give written notice of the dismissal to all creditors.

**IT IS SO ORDERED.**

---

**6.** This Court will entertain and conduct such emergency hearings pursuant to Section 362(f) when it appears that a current owner has filed a bankruptcy petition to stop a real estate tax foreclosure sale when a previously scheduled sale of the same property has been stayed by a prior bankruptcy petition filed on behalf of the debtor, a co-owner or a prior owner, even if the hearing must be conducted telephonically from where the real estate tax foreclosure sale is being conducted. In this regard, attorneys filing petitions for debtors where an earlier sale has been stayed by a prior bankruptcy proceeding should anticipate such a hearing and make themselves available right up to the time of the tax sale, if they wish to participate in any hearing and set forth the debtor's position. If the debtor's attorney is not available, a hearing may go forward without the attorney as provided in Section 362(f). If the pending case is a Chapter 13 case, the attorney for the real estate taxing authority should notify the Standing Chapter 13 Trustee of any emergency hearing pursuant to Section 362(f), and should notify the United States Trustee in any Chapter 7, 11 or 12 case.