12-1484-cv
Hyde v. KLS Professional Advisors Group, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of October, two thousand twelve.

Present:     GUIDO CALABRESI,
             SUSAN L. CARNEY,
                   *Circuit Judges.**

_____

BRUCE A. HYDE,

       *Plaintiff–Counter-Defendant–Appellee,*

       v.                        No. 12-1484-cv

KLS PROFESSIONAL ADVISORS GROUP, LLC,

       *Defendant–Counter-Claimant–Appellant.*

_____

Appearing for Appellant:     JOHN F. CAMBRIA (Christina Spiller, *on the brief*), Alston & Bird LLP, New York, NY.

Appearing for Appellee:      ADAM J. SAFER (Joel M. Miller, Claire L. Huene, *on the brief*), Miller & Wrubel PC, New York, NY.

---

*The third judge originally assigned to the panel was unable to hear the case because of a health issue. In accordance with our local rules, the two remaining members of the panel, who are in agreement, have decided the case. See 28 U.S.C. § 46(d); 2d Cir. IOP E(b); United States v. Desimone, 140 F.3d 457, 458–59 (2d Cir. 1998).

Appeal from the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the order of the district court issuing a preliminary injunction is **VACATED**.

The district court preliminarily enjoined KLS Professional Advisors Group ("KLS") from enforcing a restrictive covenant against one of its former senior employees, Bruce Hyde. This covenant prohibited Hyde from contacting any of the firm's "past," "present," or "potential" clients for three years following his termination, regardless of the reason for his departure from the firm. J.A. 36. The covenant also forbade him indefinitely from disclosing the firm's client list. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

We review the grant of a preliminary injunction for abuse of discretion. Latino Officers Ass'n v. Safir, 170 F.3d 167, 171 (2d Cir. 1999). To obtain a preliminary injunction, a plaintiff must show that he will suffer irreparable harm in the absence of the requested relief, id., and either that he is likely to prevail on the merits, or that there are serious questions going to the merits and that the balance of the equities tips decidedly in his favor, id. Here, we need address only the first element: irreparable harm.

We consider a showing of irreparable harm to be the "single most important prerequisite for the issuance of a preliminary injunction." Faiveley Transp. Malmo AB v. Wabtec Corp., 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks

2

omitted).  To determine whether a plaintiff has shown irreparable harm, "the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law, such as monetary damages, are inadequate to compensate for that injury."  Salinger v. Colting, 607 F.3d 68, 80 (2d Cir. 2010) (internal quotation marks omitted).

Our Court has not directly addressed when enforcement of a covenant restricting competition may irreparably injure a former employee.  The Supreme Court's decision in Sampson v. Murray, 415 U.S. 61 (1974), however, provides important guidance.  In Sampson, the Court vacated a preliminary injunction that precluded a government agency from terminating an employee.  Concluding that the employee had failed to establish that she would sustain irreparable injury upon termination, the majority held that showing a "loss of income . . . falls far short of the type of irreparable harm which is a necessary predicate to the issuance of a temporary injunction in this type of case."  Id. at 91–92.  The Court explained further that "insufficiency of savings" and "difficulties in immediately obtaining other employment" were "external factors common to most discharged employees." Id. at 92 n.68.  Absent a "genuinely extraordinary situation," the Court reasoned, such harms "will not support a finding of irreparable injury, however severely they may affect a particular individual."  Id.

In Savage v. Gorski, 850 F.2d 64 (2d Cir. 1988), our Court relied in part on Sampson when we vacated a preliminary injunction prohibiting a county executive from terminating several government employees.  Observing that "[l]oss of

3

employment does not in and of itself constitute irreparable injury," id. at 67, we concluded that "reinstatement and money damages could make appellees whole for any loss suffered," id. at 68.  Sampson and Savage thus apply, in the employment context, the long-established principle that financial loss is not "irreparable" for determining whether a preliminary injunction is warranted.

Here, the district court determined that Hyde had demonstrated that the company's restrictions inhibited his ability to find a new job and had therefore satisfied the irreparable harm requirement.  This was error.  Difficulty in obtaining a job is undoubtedly an injury, but it is not an irreparable one — at least not in the circumstances of this case.  See Sampson, 415 U.S. at 91–92 & n.68.  If Hyde prevails at trial, monetary damages will compensate him adequately — under Sampson and Savage — for his financial harms.[**]

Hyde also asserts irreparable injury in that the restrictive covenants purportedly caused him to lose client relationships.  In support of this argument, Hyde references his conversations with twenty or twenty-five of his former clients, who, according to Hyde, expressed a desire that he continue to manage their assets even after he left KLS.  But these clients did not belong to Hyde.  During his employment by KLS, he signed multiple agreements in which he acknowledged that KLS's client base was proprietary and belonged to the firm.  We observe that, in

---

[**]  With regard to Hyde's claims of irreparable harm, KLS asks our Court on appeal to take judicial notice of documents related to Hyde's employment status at the time of oral argument.  We decline the invitation. The preliminary injunction's legality must be adjudged on the evidence presented to the district court, not in light of any possible subsequent developments. See, e.g., Diversified Mortg. Investors v. U.S. Life Ins. Co., 544 F.2d 571, 576–77 (2d Cir. 1976).  Moreover, the "facts" KLS offers are not the appropriate subject of judicial notice. See Fed. R. Evid. 201(b) (judicial notice appropriately taken when facts are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

line with these agreements, Hyde's responsibilities at KLS did not include developing new clients. And Hyde did not begin his employment at KLS bringing these clients with him. But even assuming that Hyde had a legally protected interest in continuing to serve these clients, Hyde presented no evidence that this loss, too, could not be remedied adequately by monetary damages.

Having concluded that Hyde failed to establish irreparable injury, we need go no further. In the interest of judicial economy, however, we note our reservation about the district court's preliminary interpretation of New York law. Relying on Post v. Merrill Lynch, Pierce, Fenner & Smith, 42 N.Y.2d 84, 421 N.Y.S.2d 847 (1979), the district court concluded that restrictive covenants are per se unenforceable in New York against an employee who has been terminated without cause. But in Post, the New York Court of Appeals held only that when an employee was terminated without cause, the employer could not condition the employee's receipt of previously earned pension funds on compliance with a restrictive covenant. Id. at 89, 421 N.Y.S.2d at 849. We caution the district court against extending Post beyond its holding, when a traditional overbreadth analysis might be more appropriate. See BDO Seidman v. Hirshberg, 93 N.Y.2d 382, 392–93, 690 N.Y.S.2d 854, 858–59 (1999).

Accordingly, we **VACATE** the district court's entry of a preliminary injunction and **REMAND** the case for proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5