GEORGE B. DANIELS, United States District Judge:
Plaintiff Everton Sterling, pro se, moves by order to show cause for the issuance of a preliminary injunction and temporary restraining *725 order enjoining Defendants from interfering with his interests in the property located at 726 East 219 Street, Bronx, New York 10467 (the "Property") that is the subject of his claims in this action. (See Proposed Order to Show Cause ("Proposed OSC"), ECF No. 26, at 2.[1] ) Plaintiff's motion is DENIED.
I. FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff alleges that he acquired an interest in the Property by a Bargain and Sale Deed dated June 27, 2008. (Compl., ECF No. 1, ¶ 4; id. , Ex. 1B, ECF No. 1-3 (Bargain and Sale Deed).) At the time, the Property was subject to a foreclosure action (the "Foreclosure Action") that Defendant Deutsche Bank National Trust Company, in its capacity as Trustee for FFMLT Trust 2006-FF6, Mortgage Pass-Through Certificates, Series 2006-FF6 ("Deutsche Bank"), brought in in the Supreme Court for the State of New York, Bronx County (the "Bronx County Supreme Court"). (See Decl. of Michael E. Blaine dated Feb. 19, 2019 ("Blaine Decl."), Ex. E ("Foreclosure Compl."), ECF No. 19-5.[2] )
In its complaint in the Foreclosure Action, Deutsche Bank alleged that it held a $ 448,000 adjustable rate note that was executed by Howard White, Plaintiff's predecessor in interest, on February 24, 2006 and secured by a mortgage on the Property.[3] (Id. at 3.) In his complaint in this action, Plaintiff describes himself as, among other things, a "co-borrower" and "mortgage payment remitter." (Compl. at 1-2, 4.) However, Plaintiff is not a party to the note or the mortgage, and Plaintiff's complaint contains no allegations as to the dates or amounts of any mortgage payments that he made, nor has Plaintiff otherwise provided evidence of such payments. (See Compl., id. , Ex. 1, ECF No. 1-1 (note and mortgage).)
On April 20, 2010, the Bronx County Supreme Court issued a Judgment of Foreclosure and Sale (the "Foreclosure Judgment") directing the Referee appointed in the Foreclosure Action to conduct a public sale of the Property. (See Blaine Decl., Ex. G, ECF No. 19-7, at 2-3.) Plaintiff filed various motions as a non-party litigant in the Foreclosure Action, including a motion for an order vacating the sale. (See Blaine Decl., Ex. H, ECF No. 19-8 (docket in the Foreclosure Action).) By Order dated September 4, 2015, the Bronx County Supreme Court denied Plaintiff's motion, finding that because Plaintiff "acquired an interest in the [Property], if at all, three (3) days after [Deutsche Bank's]
*726 notice of pendency was filed," Plaintiff is "bound by all proceedings taken in the [Foreclosure Action] to the same extent as if he were a party."[4] Id. (citing N.Y. C.P.L.R. § 6501 ; Goldstein v. Gold, 106 A.D.2d 100, 483 N.Y.S.2d 375 (2d Dep't 1984) ).
On September 15, 2014, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). (See Pet., In re Everton Aloysius Sterling, 14 Bk. 12608 (SHL) (Bankr. S.D.N.Y. 2014), ECF No. 1.) Deutsche Bank then moved for relief from the automatic stay imposed by § 362 of the Bankruptcy Code to allow the sale of the Property to proceed pursuant to the Foreclosure Judgment. (See Blaine Decl., Ex. K, ECF No. 19-11, at 3 (Bankruptcy Court docket).) On January 5, 2018, the Bankruptcy Court granted Deutsche Bank's motion. (See Blaine Decl., Ex. L, ECF No. 19-12.)
On December 3, 2018, Plaintiff filed a Chapter 13 bankruptcy petition (the "Chapter 13 Petition") in the Bankruptcy Court. See Chapter 13 Voluntary Petition, In re Everton A. Sterling , No. 18 Bk. 13911 (CGM) (Bankr. S.D.N.Y. Dec. 3, 2018), ECF No. 1.) Plaintiff claims that on the same day, after receiving notice of the Chapter 13 Petition, the Referee conducted a public sale of the Property pursuant to the Judgment of Forfeiture.[5] (Proposed OSC at 15.) On December 20, 2018, the Bankruptcy Court granted Plaintiff's application for the voluntary dismissal of his Chapter 13 Petition. See Order Dismissing Chapter 13 Case, In re Everton A. Sterling, No. 18 Bk. 13911 (Bankr. S.D.N.Y. Dec. 20, 2018), ECF No. 9.
On January 8, 2019, Plaintiff filed this action, alleging that Deutsche Bank and its nominee, Defendant MERS, together with the other named Defendants, "fraudulently misrepresented the [v]alue of the [Property] and misrepresented the Loan to Fair Market Value Ratio [of the Property] based upon a false and inflated appraisal ... as part of a pattern of racketeering activity" involving similar inflated appraisals.[6] (Compl. ¶ 4.) On March 4, 2019, Plaintiff filed the instant motion. (ECF No. 26.)
II. LEGAL STANDARDS
"The standard[s] for granting a temporary restraining order and a preliminary *727 injunction pursuant to Rule 65 of the Federal Rules of [Civil] Procedure are identical."[7] Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd. , 190 F.Supp.2d 577, 580 (S.D.N.Y. 2002) ; see also Andino v. Fischer, 555 F.Supp.2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."). To obtain such relief, the moving party must "demonstrate[ ] (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." Weaver v. Schiavo, 750 F. App'x 59, 60 (2d Cir. 2019) (quoting Moore v. Consol. Edison Co. of N.Y., Inc. , 409 F.3d 506, 510 (2d Cir. 2005) ). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Sussman v. Crawford, 488 F.3d 136, 139-40 (2d Cir. 2007) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997) ) (alteration in original).
III. INJUNCTIVE RELIEF IS NOT WARRANTED
Because Plaintiff has not made the requisite "clear showing" of irreparable harm, a likelihood of success on the merits, or that the balance of the equities tips decidedly in his favor, injunctive relief is not warranted here. Sussman, 488 F.3d at 140. "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) (citation omitted). "To determine whether a plaintiff has shown irreparable harm, 'the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law, ... are inadequate to compensate for that injury.' " Hyde v. KLS Prof'l Advisors Grp., LLC, 500 F. App'x 24, 25 (2d Cir. 2012) (quoting Salinger v. Colting, 607 F.3d 68, 80 (2d Cir. 2010) ).
Plaintiff argues that he will be irreparably harmed by the "loss of the [P]roperty through the fraudulent foreclosure sale," which he claims that the Referee conducted "with [b]latant disregard as to Plaintiff [sic] rights afforded by bankruptcy protection laws."[8] (Proposed OSC
*728 at 18.) However, Plaintiff has an adequate legal remedy for this alleged harm. If the Property was in fact sold while Plaintiff's Chapter 13 Petition was pending, Plaintiff may move in the Bankruptcy Court to reopen his bankruptcy case and invalidate the sale. See In re Ebadi, 448 B.R. 308, 321 (Bankr. E.D.N.Y. 2011) (invalidating a foreclosure sale conducted in "violation of the automatic stay" in debtor's reopened Chapter 13 bankruptcy case); In re Ellinwood, 206 B.R. 300, 302 (Bankr. W.D.N.Y. 1997) (noting that if a bankruptcy court finds a debtor's "petition was not filed in bad faith ..., the [c]ourt can ... declare [a foreclosure sale] to be void"). Because Plaintiff may still avail himself of the "rights afforded by bankruptcy protection laws," Plaintiff has not shown that the Referee's alleged violation of those rights will irreparably harm him. (Proposed OSC at 18.)
Plaintiff also claims that he has suffered, and will continue to suffer, irreparable harm because "Defendant(s) are now harassing Plaintiff, banging on [his] doors, attempting to collect rent from the tenants" and "interfering [with] and disturbing ... Plaintiff's [r]ights to the quite [sic] enjoyment" of the Property.[9] (Id. at 15-16.) However, neither the complaint nor Plaintiff's affidavit provides any details as to which Defendants are harassing him, the nature of the harassment, or the frequency with which it occurs. Absent such specific facts, Plaintiff has not made a "clear showing" of irreparable harm. Sussman, 488 F.3d at 140 ; cf. 61 W. 62 Owners Corp. v. CGM EMP LLC, 77 A.D.3d 330, 906 N.Y.S.2d 549, 553 (1st Dep't 2010) (finding plaintiff showed "irreparable harm" where an expert "established that the noise complained of was approximately four times the legal limit for the residential neighborhood" and "the affidavits of the residents detailed the nightly assault on the quiet enjoyment of their apartments").
Plaintiff also fails to show a likelihood of success on the merits. While Plaintiff asserts that he "is likely to succeed on the merits," (Proposed OSC at 16), this "conclusory statement" is insufficient to demonstrate a likelihood of success. Colon v. Goord, No. 05 Civ. 129 (TJM), 2007 WL 81922 (N.D.N.Y. Jan. 9, 2007) ; see also N.Y.C. Envtl. Justice All. v. Giuliani, 214 F.3d 65, 68 (2d Cir. 2000) (noting that "[i]f they do not present sufficient facts ... to back their assertions, the paucity of evidence in the record will prevent [a court] from holding that [plaintiffs] have shown a likelihood of success"). Although Plaintiff contends that this Court "can find a likelihood of success on the merits, from the evidence presented, though such evidence may not be 'conclusive,' " (Mem. at 16-17 (quoting Ma v. Lien, 198 A.D.2d 186, 604 N.Y.S.2d 84, 85 (1st Dep't 1993) ), Plaintiff has not provided any evidence that would allow this Court to make such a finding. Nor has Plaintiff raised "sufficiently serious questions going to the merits" of his claims. Weaver , 750 F. App'x at 60. Indeed, Plaintiff does not engage in any substantive discussion of his claims at all.
Furthermore, even when there are "serious questions going to the merits," the moving party must also "show *729 that the harm he would suffer from the denial of his motion is greater than the harm his opponent would suffer if the motion was granted." Buffalo Forge Co. v. AMPCO-Pittsburgh Corp. , 638 F.2d 568, 569 (2d Cir. 1981) ). Here, Plaintiff argues that he "risks losing possession of the [Property]" if an injunction is not granted. (Proposed OSC at 18.) But as explained above, Plaintiff may seek to invalidate the foreclosure sale in the Bankruptcy Court. Thus, Plaintiff has not identified any harm that he would suffer absent an injunction. Moreover, Plaintiff recognizes that the grant of an injunction would cause harm to Defendants by delaying the resolution of this action and that such a delay would harm Defendants. (Proposed OSC at 18.) Indeed, Deutsche Bank "has been trying to resolve this issue for several years" since it obtained the Forfeiture Judgment in 2010 and "[p]reventing [Deutsche Bank] from resolving its claim any longer would undeniably cause it further hardship." Centocor, Inc. v. Kennedy Inst. of Rheumatology, No. 08 Civ. 8824 (DC), 2008 WL 4726036, at *4 (S.D.N.Y. Oct. 29, 2008). Because Plaintiff has not identified any harm that he would suffer absent an injunction and has acknowledged that Defendants would suffer harm if the injunction is granted, Plaintiff "has not shown that the balance of hardships tips in his favor, much less 'decidedly.' " Id. (quoting Tom Doherty Assocs. v. Saban Entm't Inc. , 60 F.3d 27, 33 (2d Cir. 1995) ).
IV. CONCLUSION
Plaintiff's motion for a temporary restraining order and preliminary injunction, (ECF No. 26), is DENIED.
SO ORDERED.

Plaintiff electronically filed his proposed order to show cause, memorandum of law, and supporting affidavit as a single file. (See ECF No. 26.) Because the pages of the file are not otherwise numbered, all citations to the proposed order to show cause and supporting affidavit are to the "Proposed OSC" and use the page numbers on the electronic case file ("ECF") header.

"In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." Park Irmat Drug Corp. v. Optumrx, Inc. , 152 F.Supp.3d 127, 132 (S.D.N.Y. 2016) (quoting Johnson v. Newport Lorillard, No. 01 Civ. 9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003) ). Accordingly, in deciding the instant motion, this Court will consider the complaint and exhibits in this action and the complaint in the Foreclosure Action. This Court will also consider Plaintiff's affidavit in support of the motion and other court documents incorporated by reference in Plaintiff's affidavit.

On the same day, White also executed a second note for $ 112,000, which was secured by a second mortgage on the Property. (See Compl., Ex. 1 A, ECF No. 1-2.) However, the second note and mortgage are not at issue in the Foreclosure Action. (See Foreclosure Compl.)

"A notice of pendency is a document filed by a plaintiff in action that affects the title to, or the possession, use, or enjoyment of real property." Purchase Real Estate Grp., Inc. v. Jones, 489 F.Supp.2d 345, 346 (S.D.N.Y. 2007) (citing N.Y. C.P.L.R. § 6501 ). Its purpose is to "put[ ] the world on notice of the plaintiff's potential rights in the action and thereby warn[ ] all comers that if they then buy the realty ..., they do so subject to whatever the action may establish as the plaintiff's right." Id. (quoting Weiss v. Alard, LLC, 150 F.Supp.2d 577, 579 n.1 (S.D.N.Y. 2001) ).

It is unclear whether the sale actually occurred. Plaintiff's affidavit in support of the instant motion includes an email from the attorney who filed Plaintiff's Chapter 13 Petition stating, "I spoke with Julia Walker (notice her email address) and she told me that the sale was stopped (which it was)." (Proposed OSC at 23.) Plaintiff also includes a December 3, 2018 email from Plaintiff's attorney to the address julia@pryorlaw.com, which states, "Please be advised that my client Everton Sterling has filed for Chapter 13. Please let me know if you need anything further. Per our conversation please see that the sale of his property is stopped." (Id. at 26.) In his affidavit, Plaintiff identifies the "Law Offices of Edmond J. Pryor" as the "Attorneys/referee for Defendant Deutsche Bank." (Id. at 29.)

On February 7, 2019, Davidson Fink LLP and Larry Tate Powell-whom Plaintiff alleges are attorneys for Deutsche Bank-moved to dismiss this action. (ECF No. 8.) On February 15, 2019, Defendant MERS moved to dismiss. (ECF No. 17.) Both of those motions remain pending.

While Plaintiff's affidavit cites New York State law (see Proposed OSC at 16-19), Plaintiff's complaint refers to causes of action that arise under both state and federal law and invokes both diversity and federal question jurisdiction. (See Compl. at 2-3; id. ¶ 1.) Moreover, "[t]he question whether a preliminary injunction should be granted is generally one of federal law even in diversity actions, though state law issues are sometimes relevant to the decision to grant or deny." Baker's Aid v. Hussmann Foodserv. Co. , 830 F.2d 13, 15 (2d Cir. 1987) (citations omitted). Even if this Court were to apply state law to Plaintiff's claims, it would reach the same result, because the showing that Plaintiff must make under state law is substantially similar to the one under federal law. See, e.g., Nobu Next Door, LLC v. Fine Arts Hous., Inc. , 4 N.Y.3d 839, 800 N.Y.S.2d 48, 833 N.E.2d 191, 192 (2005) ("The party seeking a preliminary injunction must demonstrate a probability of success on the merits, danger of irreparable injury in the absence of an injunction and a balance of the equities in its favor.") (citations omitted).

Plaintiff also asserts that by "filing ... documents with the New York [State] Department of Finance property record [sic]," the Referee "caused additional injuries to Plaintiff." (Proposed OSC at 18.) However, Plaintiff does not identify what documents were filed and offers no explanation of how their filing caused him injury.

To the extent that Plaintiff's claim of irreparable harm is premised on Defendants' attempts to collect rent from Plaintiff's tenants, his claim fails because the harm caused by such behavior is to tenants, not to Plaintiff. See Moore, 409 F.3d at 511 (finding that "alleged harm to third parties did not provide plaintiff a basis for a preliminary injunction").