■ DANIELLE PECILE et al., Appellants, v TITAN CAPITAL GROUP, LLC, et al., Respondents. [988 NYS2d 497]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered June 19, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to compel certain discovery, unanimously modified, on the law and the facts, to grant the motion to the extent of requiring production of (1) all documents concerning complaints of sexual harassment and/or retaliation, whether internal or external, made by defendants' current and/or former employees who worked at defendant Titan Capital Group, LLC (Titan), from any time between January 1, 2005 and the present, as well as the identities of any such complaining employees; and (2) all communications between defendants and members of the press or public relations firms that relate to this lawsuit or plaintiffs' claims, to the extent such communications are not protected by the attorney work product doctrine or attorney-client or other applicable privilege, and otherwise affirmed, without costs.

The motion court correctly found that the documents plaintiffs seek relating to communications involving Jaffe & Asher LLP (a law firm that represented defendant Sandra Abrams in a related action against the plaintiffs here), Epstein Becker & Green, P.C. (a former defendant in this action and counsel to defendant Titan and defendant Sandra in related actions), and defendant Marc Abrams's personal counsel, are protected from production by the attorney-client privilege (*see U.S. Bank N.A. v APP Intl. Fin. Co.*, 33 AD3d 430, 431 [1st Dept 2006]; *Gulf Is. Leasing, Inc. v Bombardier Capital, Inc.*, 215 FRD 466, 470-471 [SD NY 2003]).

Plaintiffs' request for production of documents relating to complaints of sexual harassment and/or retaliation, as well as any complainants' identities, for the period from January 1, 2005 to the present, was reasonably calculated to elicit relevant information. Accordingly, to the extent the court limited production of these documents to the period of plaintiffs' employment, we modify the order to remove that restriction (*see Abbott v Memorial Sloan-Kettering Cancer Ctr.*, 276 AD2d 432, 433 [1st Dept 2000]; *Ri Sau Kuen Chan v NYU Downtown Hosp.*, 2004

WL 1886009, *5, 2004 US Dist LEXIS 16751, *15 [SD NY, Aug. 23, 2004, No. 03-Civ-3003 (CBM)]).

We also modify the order to require production of any press release or other communication between defendants and members of the press or public relations firms that relates to this lawsuit or plaintiffs' claims, to the extent such communications are not protected by the attorney work product doctrine or attorney-client or other applicable privilege (*see In re Copper Mkt. Antitrust Litig.*, 200 FRD 213, 218-219 [SD NY 2001]). Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.