Order, Supreme Court, New York County (Paul Wooten, J.), entered October 30, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff’s motion to compel discovery of information related to claims of sexual misconduct made against defendant Stuckey when he was employed by Forest City Ratner (FCR), except insofar as such information was provided to or otherwise known by defendant New York University or, in the alternative, to renew plaintiff’s prior motion to compel or reargue Stuckey’s prior motion to quash, unanimously reversed, on the law and the facts, without costs, and the motion to compel granted.
Plaintiff claims that she was subjected to unlawful conduct in the form of unwanted touching by defendant Stuckey; *603 Stuckey denies that his intent was to harass plaintiff or that his conduct was unwanted. He claims that he took plaintiff’s hand and placed it on his upper leg, innocently and with her consent, in an effort to console her. As Stuckey’s intent is at issue and “no particular intent can be inferred from the nature of the act [he] committed,” plaintiff is entitled to disclosure of evidence that bears on his intent, e.g. “other similar acts” (see Matter of Brandon, 55 NY2d 206, 211-212 [1982]). Thus, she is entitled to information related to claims of sexual misconduct made against Stuckey while he was employed at FCR (see e.g. Pecile v Titan Capital Group, LLC, 119 AD3d 446 [1st Dept 2014]).
We have considered all other claims and find them unavailing.
Concur — Mazzarelli, J.R, Sweeny, Acosta, Clark and Kapnick, JJ.