■ JOSEPH EARL JACKSON, Appellant, v OPENCOMMUNICATIONS OMNIMEDIA, LLC, et al., Respondents, et al., Defendant. [49 NYS3d 389]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered December 15, 2015, which, insofar as appealed from, granted defendants-respondents' CPLR 3126 motion to the extent of awarding them attorneys' fees and costs associated with a forensic examination of plaintiff's laptop computer, and order, same court (Michael L. Katz, J.), entered February 10, 2016, which awarded defendants a total of $40,994.80 in said fees and costs, unanimously affirmed, without costs.

The court's grant of relief under CPLR 3126 was proper. Contrary to the court's conclusion, we find that plaintiff's pattern of noncompliance with discovery demands and a court-ordered stipulation supports an inference of willful and contumacious conduct, which further justifies imposition of sanctions (*see e.g. Jones v Green*, 34 AD3d 260, 261 [1st Dept 2006]; *Pimental v City of New York*, 246 AD2d 467 [1st Dept 1998]). Here, a forensic examination of plaintiff's laptop, which was conducted pursuant to a court-ordered stipulation entered into after plaintiff's repeated refusals to produce all requested discovery, revealed numerous pages of documents that should have been turned over to defendants, as well as privileged attorney-client communications improperly accessed through defendant John Morris' email account (*see Suffolk P.E.T. Mgt., LLC v Anand*, 105 AD3d 462 [1st Dept 2013]). Further, plaintiff failed to produce a flash drive, which he himself admitted existed at the time of his deposition, now claiming that the transcript of his testimony was inaccurate.

We decline to reduce the amount of the award. Any challenge by plaintiff to the amount awarded has been waived, as he never objected to the proposed order and bill of costs submitted by defendants. His order to show cause sought only to reargue the order granting CPLR 3126 relief, and did not dispute the specific amount of fees and costs sought by defendants. In any event, even if the order to show cause were deemed an objection, it was untimely, as plaintiff filed it less then two days prior to the notice date of defendants' notice of settlement (*see* Uniform Rules for Trial Cts [22 NYCRR] § 202.48 [c] [2]). Concur—Andrias, J.P., Feinman, Gische and Gesmer, JJ.