■ Leo Chiagkouris, Also Known as Leo Chiag Kouris, Respondent, v 201 West 16 Owners Corp., Appellant. [54 NYS3d 5]—

Order, Supreme Court, New York County (Robert Reed, J.), entered January 13, 2017, which granted plaintiff's motion for a preliminary injunction, unanimously reversed, on the law and the facts, without costs, and the motion denied.

We reverse the IAS Court's grant of the preliminary injunction because plaintiff failed to show irreparable injury absent the injunction (see New York City Off-Track Betting Corp. v New York Racing Assn., 250 AD2d 437, 437-439 [1st Dept 1998]; O'Hara v Corporate Audit Co., 161 AD2d 309, 309-310 [1st Dept 1990]). Defendant states—and plaintiff does not dispute—that it cannot recover possession of his apartment unless a court of competent jurisdiction determines that defendant's notice of termination was valid; in other words, even absent an injunction, plaintiff will be entitled to remain in possession of his apartment pending an adjudication of the merits. Moreover, the issues raised in this proceeding can be raised defensively and adjudicated in a summary proceeding.

Furthermore, in his affidavit in support of his motion for a preliminary injunction, plaintiff said "[o]n information and belief" that he would be in default of his mortgage if his lease was terminated and that he would "face severe financial consequences" if he was in default. This statement does not demonstrate that plaintiff risks default under the mortgage before the parties' disputes are decided. Moreover, assuming this otherwise constitutes a viable category of damages, they would be compensable monetarily. "Damages compensable in money and capable of calculation, albeit with some difficulty, are not irreparable" (SportsChannel Am. Assoc. v National Hockey League, 186 AD2d 417, 418 [1st Dept 1992] [emphasis omitted]). On appeal, he claims that if he defaults on his mortgage, his credit rating will be diminished and that this cannot be cured by money damages. However, he did not say this in his affidavit; his counsel merely mentioned credit rating at oral argument. Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.