Maxim, Inc. v Feifer (2018 NY Slip Op 03611)





Maxim, Inc. v Feifer


2018 NY Slip Op 03611


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


162933/15 -654137/15 -6213N 6212 6211 6210 6209 6208

[*1] Maxim, Inc., Plaintiff-Respondent,
v
Jason Feifer, et al., Defendants-Appellants.
Maxim, Inc., et al., Plaintiffs-Respondents,
v
Wayne Gross, Defendant, Jason Feifer, Defendant-Appellant.


Schoeman Updike Kaufman & Gerber LLP, New York (Beth L. Kaufman of counsel), for appellants.
Sack & Sack, LLP, New York (Eric R. Stern of counsel), for respondents.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 24, 2017, in Index No. 654137/15 (the breach of contract action), which granted plaintiffs' motion to quash a subpoena issued to nonparty Christopher Clark, and denied defendant Jason Feifer's motion to remove the confidentiality designation from certain deposition testimony and documents
produced, to deem defendants' notice to admit admitted, to compel certain depositions, and for attorneys' fees and expenses, and, sua sponte, ordered all party discovery to precede nonparty discovery, modified, on the facts and in the exercise of discretion, to grant defendant's motion to the extent of ordering plaintiffs to respond to the notice to admit dated May 26, 2016, in compliance with CPLR 3123(a), within 20 days after entry of this order, to strike the confidentiality designations on documents produced by nonparty Derris & Co. and on the deposition testimony of Julie Halpin, Wayne Gross, and Maxim, Inc. by Robert Price, and to impose monetary sanctions on plaintiffs in the amount of $10,000, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about April 21, 2017, which, to the extent appealed from, granted plaintiffs' motion to quash a subpoena issued to nonparty Hiltzik Strategies, unanimously affirmed, without costs. Order, same court and Justice, entered on or about April 21, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to quash a subpoena issued to Derris & Co., and denied defendants' motion to strike the confidentiality designations on documents produced by Derris & Co. and preclude [*2]plaintiffs from placing blanket confidentiality designations on remaining documents to be produced by Derris & Co., unanimously modified, on the facts and in the exercise of discretion, to grant defendants' motion to the extent of striking plaintiffs' confidentiality designations from documents produced by Derris & Co. and precluding plaintiffs from placing blanket confidentiality designations on the remainder of Derris & Co.'s production, and otherwise affirmed, without costs. Order, same court and Justice, entered May 3, 2016, in Index No. 162933/15 (the declaratory judgment action), which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a preliminary injunction as against defendant Feifer, unanimously reversed, on the law and facts, without costs, the motion denied, and the preliminary injunction vacated. Appeal from order, same court and Justice, entered April 10, 2017, which, inter alia, denied defendants' motion to vacate the preliminary injunction, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered February 17, 2017, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
In the breach of contract action, plaintiffs, Maxim, Inc. and its sole director, Sardar Biglari, allege breach of a nondisclosure agreement (NDA) and a release prohibiting defendants from, inter alia, divulging any confidential or proprietary business information regarding plaintiff Maxim, Inc. and its affiliated companies and defamation. Defendant Feifer counterclaimed, alleging that he had been fraudulently induced into accepting employment with Maxim. In the declaratory judgment action, plaintiff Maxim seeks a judgment declaring that the NDA and the release that Feifer executed are valid and enforceable. Maxim also moved for a preliminary injunction enjoining Feifer and his counsel from violating the NDA or the release by divulging, inter alia, confidential information or trade secrets or publicly disparaging Maxim and its affiliated persons and entities.
Maxim failed to establish that it would suffer irreparable harm absent the preliminary injunction it sought (see Chiagkouris v 201 W. 16 Owners Corp., 150 AD3d 442 [1st Dept 2017]). We find no support in the record for Maxim's assertions that Feifer or his counsel threatened to disclose confidential information to third parties.
The declaratory judgment action should be dismissed, because all the issues involved in it will be disposed of when the pending breach of contract action is resolved (see Reynolds Metals Co. v Speciner, 6 AD2d 863 [1st Dept 1958]).
Supreme Court acted within its broad discretion in ordering all party discovery in the breach of contract action to precede nonparty discovery, in an attempt to bring order to a contentious discovery process in an acrimonious litigation (see generally 148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co., 62 AD3d 486 [1st Dept 2009]). Accordingly, the court properly quashed the subpoenas issued to nonparties Christopher Clark, Derris & Co., and Hiltzik Strategies, and denied Feifer's motion to compel depositions of certain nonparties at this time. With regard to the subpoena issued to Clark, we note that, while his communications with plaintiffs about the litigation in which he represented them are protected by the attorney-client privilege, his public communications to the press are not privileged (see Pecile v Titan Capital Group, LLC, 119 AD3d 446, 447 [1st Dept 2014]).
Contrary to plaintiffs' contention, the confidentiality agreement that they entered into with Feifer does not allow for blanket designations of document productions and deposition testimony as confidential but limits that designation to "trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential . . . be detrimental to the conduct of that party's business or the business of any of that party's customers or clients." Plaintiffs failed to identify any information in the depositions and documents that they designated as confidential that meets that standard.
Plaintiffs' response to Feifer's May 26, 2016 notice to admit fails to comply with CPLR 3123(a).
Plaintiffs' discovery abuses warrant the imposition of a $10,000 monetary sanction pursuant to CPLR 3126.
A monetary sanction, including costs and counsel fees, may be imposed under the statutory language in CPLR 3126, which permits the court to "make such orders with regard to [a] failure or refusal [to disclose information which the court finds ought to have been disclosed] as are just" (emphasis added) (see Connors, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR 3126:1, at 475—476; Lucas v Stam, 147 AD3d 921, 926 [2d Dept 2017] ["the imposition of a monetary sanction under CPLR 3126 may be appropriate to compensate counsel or a party for the time expended and costs incurred in connection with an offending party's failure to fully and timely comply with court-ordered disclosure"]). Sanctions under CPLR 3126, including monetary sanctions, do "not depend in any measure on Rule 130 [22 NYCRR Part 130] and, therefore are not subject to its restraints" (Romero v New York City Hous. Auth., 2005 NYLJ LEXIS 1173, *8 [Sup Court, Bronx County 2005]).
Although the nature and degree of the penalty to be imposed pursuant to CPLR 3126 lies within the sound discretion of the Supreme Court, this Court "is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]; Lucas v Stam, 147 AD3d at 925—926. Here, a monetary sanction of $10,000 is warranted because plaintiffs, without seeking a protective order, intentionally did not produce documents and did not properly respond to a notice to admit based on an unfounded assertion that they feared defendants would make the documents public (see Jackson v OpenCommunications Omnimedia, LLC, 147 AD3d 709 [1st Dept 2017]; Arbor Realty Funding, LLC v Herrick, Feinstein LLP 140 AD3d 607, 610 [1st Dept 2016]; Dean v Usine Campagna, 44 AD3d 603, 605 [2d Dept 2007]).
We have considered Feifer's remaining arguments and find them unavailing.
All concur except Kapnick, J. who dissents in part in a memorandum as follows:




KAPNICK, J. (dissenting in part)


I dissent solely on the issue of the imposition of sanctions and would affirm the portion of the motion court's order that denied defendant's request, pursuant to CPLR 3126, for attorneys' fees and expenses, "at this juncture of the litigation." "Although the determination of an appropriate sanction pursuant to CPLR 3126 lies in the trial court's discretion and should not be set aside absent a clear abuse of discretion" (De Socio v 136 E. 56th St. Owners, Inc., 74 AD3d 606, 607 [1st Dept 2010]), I acknowledge that this Court is "vested with its own discretion and corresponding power to substitute its own discretion for that of the [motion] court" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845 [2008]). However, I do not believe that in this instance and on this record we should do so.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK