D2D Holdings LLC v Bridgemarket Assoc., L.P. (2023 NY Slip Op 06310)

D2D Holdings LLC v Bridgemarket Assoc., L.P.

2023 NY Slip Op 06310

Decided on December 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 07, 2023

Before: Webber, J.P., Scarpulla, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 160344/17 Appeal No. 1178 Case No. 2022-02356 

[*1]D2D Holdings LLC et al., Plaintiffs-Appellants-Respondents,
v
Bridgemarket Associates, L.P., et al. Defendants-Respondents-Appellants.

Seyfarth Shaw LLP, New York (Jerry A. Montag of counsel), for appellants-respondents.
Mintz and Gold LLP, New York (James W. Kennedy of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about May 9, 2022, which, to the extent appealed from as limited by the briefs, granted defendants' motion for discovery sanctions in accordance with CPLR 3126 to the extent of awarding defendants attorneys' fees and costs incurred through plaintiffs' noncompliance with disclosure requirements and denied the motion to the extent that it sought a further penalty for noncompliance, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in imposing monetary sanctions on plaintiffs, as defendants sufficiently established the willful nature of plaintiffs' failure to comply with disclosure requirements. Although plaintiffs claimed that their difficulty subleasing their commercial space was caused by defendants' conduct, they withheld evidence material to their allegations — a Limited Restrictive Use Agreement (LRUA) with a nonparty grocery chain (Food Emporium). In the LRUA, plaintiff agreed not to sublease the commercial space to any grocery competitor of Food Emporium even though the space had previously been occupied by a supermarket. Under the circumstances, where the LRUA was manifestly relevant to plaintiffs' alleged damages, plaintiffs' failure to produce the LRUA was sufficient to support the award of a sanction. Plaintiffs offer no persuasive reason to disturb Supreme Court's determination as to the appropriate monetary sanctions to be levied (see e.g. Jackson v OpenCommunications Omnimedia, LLC, 147 AD3d 709, 709 [1st Dept 2017]).
As to defendants' cross-appeal, defendants failed to show that they were prejudiced by the delay in disclosure of the LRUA and related documents, and they have not rebutted plaintiffs' argument that their final productions of more than 30,000 pages, complete with metadata, were responsive to defendants' disclosure demands.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2023