Riverside Ctr. Site 5 Owner LLC v Lexington Ins. Co. (2024 NY Slip Op 01769)

Riverside Ctr. Site 5 Owner LLC v Lexington Ins. Co.

2024 NY Slip Op 01769

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 650043/19 Appeal No. 1947 Case No. 2023-03596 

[*1]Riverside Center Site 5 Owner LLC, et al., Plaintiffs-Appellants,
v
Lexington Insurance Company, et al., Defendants-Respondents.

Weg and Myers, P.C., Rye Brook (Joshua L. Mallin of counsel), for appellants.
Mound Cotton Wollan & Greengrass LLP, New York (Philip C. Silverberg of counsel), for respondents.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about July 18, 2023, which, to the extent appealed from, granted defendants' motion for discovery sanctions in accordance with CPLR 3126 to the extent of striking plaintiffs' note of issue and sanctioning plaintiffs by awarding defendants their past and future discovery costs, including reasonable attorneys' fees, unanimously modified, on the law, to remand this case for a determination of reasonable attorneys' fees related to both of the motions defendants filed to vacate the note of issue and those fees to be incurred by defendants in connection with the retaking of any depositions or further discovery necessitated as a result of plaintiffs' failure to produce the 17 undisclosed documents earlier during the discovery process, and otherwise affirmed, without costs.
Supreme Court providently exercised its discretion in imposing monetary sanctions on plaintiffs, as defendants sufficiently established the willful nature of plaintiffs' failure to comply with disclosure requirements (see D2D Holdings LLC v Bridgemarket Assoc., L.P., 222 AD3d 430, 430 [1st Dept 2023]; see also Siegman v Rosen, 270 AD2d 14, 15 [1st Dept 2000]), but the extent of damages awarded was excessive (see Maxim v Feifer, 161 AD3d 551 [1st Dept 2018]). Although plaintiffs claimed that their failure to disclose some 17 documents was inadvertent, plaintiffs' assertions were "devoid of detail and therefore" insufficient to constitute reasonable excuse (Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 [1st Dept 2004]).
Under the circumstances, the undisclosed communications were highly relevant to plaintiffs' alleged damages, and plaintiffs' failure to produce them was sufficient to support the award of sanctions (see D2D Holdings LLC, 222 AD3d at 430). However, we exercise our discretion and modify to the extent outlined herein in order to compensate the defendant for any additional discovery costs and legal fees incurred as a result of the failure to produce the 17 highly relevant and material documents previously withheld by the Riverside plaintiffs (see id.; Maxim Inc. v Gross, 179 AD3d 536, 537 [1st Dept 2020]).
The court also did not abuse its discretion in striking the note of issue as, in light of these undisclosed documents, discovery was not complete (see Uniform Rules for Trial Courts 22 [NYCRR] § 202.21[e]; Gomes v Valentine Realty LLC, 32 AD3d 699 [1st Dept 2006]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024